Fang v. Holder

BIA
Wright, IJ
A099 540 381

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fourteen.

PRESENT:
　　　　ROBERT A. KATZMANN,
　　　　　　*Chief Judge,*
　　　　DEBRA ANN LIVINGSTON,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　*Circuit Judges.*

_____

ZHE XING FANG,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　12-4177
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　Ramesh K. Shrestha, New York, N.Y.

FOR RESPONDENT:　　　Stuart F. Delery, Assistant Attorney General; Richard M. Evans, Assistant Director; Nancy E. Frieman, Senior Litigation Counsel; Zorba C. Leslie, Law Clerk, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhe Xing Fang, a native and citizen of China, seeks review of the September 21, 2012, decision of the BIA affirming an August 30, 2011, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhe Xing Fang*, No. A099 540 381 (B.I.A. Sept. 21, 2012), *aff'g* No. A099 540 381 (Immig. Ct. N.Y. City Aug. 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

In order to qualify for asylum or withholding of removal, Fang was required to demonstrate that: (1) he engaged in resistance to China's family planning policies; and (2) he suffered harm rising to the level of persecution or had a well-founded fear or likelihood of suffering such harm as a direct result of his resistance. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007). Contrary to Fang's contention, the BIA reasonably determined that impregnating his then-girlfriend did not constitute resistance, *id.* at 313, and Fang does not contend that he engaged in any other act of resistance before authorities detained and fined him.

Even assuming that Fang's confrontation with family planning officials, several years after his detention, constituted resistance he did not establish that he was subjected to persecution on account of this resistance. Rather, he testified that the police were called to arrest him, but he hid at a friend's house, and that he remained in China, unharmed, for more than one year after this incident. One unsuccessful attempt to arrest him does not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).

3

Fang also contends that the BIA engaged in improper fact-finding in concluding, contrary to the IJ, that his detention and fine were not on account of his resistance to the family planning policies.  But whether Fang established "other resistance" is a question of law, and the BIA relied only on facts found by the IJ.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) (providing that BIA reviews questions of law *de novo*); *cf. Hui Lin Huang v. Holder*, 677 F.3d 130, 135 (2d Cir. 2012) ("The BIA . . . is on sound ground in its view that *de novo* review applies to the ultimate question of whether the applicant has sustained her burden to establish that her subjective fear of persecution is objectively reasonable.").

The agency also reasonably concluded that Fang failed to establish a well-founded fear of future persecution.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that absent solid support in the record for the petitioner's assertion that he would be persecuted, his fear was "speculative at best").  In making this determination, the agency noted that Fang's wife remained in China unharmed, he alleged he was now permitted under the family planning policy to have a second child, and Chinese

4

officials were not looking for him. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (determining that petitioner's fear of future persecution was diminished when similarly-situated relatives continued to live in petitioner's native country without harm).

Finally, because the agency did not err in finding that Fang failed to demonstrate either past persecution or a well-founded fear of persecution, it reasonably denied him asylum, withholding of removal, and CAT relief, as the claims were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5